DECKER, appellant, v. SHELTON *et al.*

*Trover — when party in possession of property not liable for conversion.*

Plaintiff drew some logs to the mill of defendants to be sawed. One W. claimed to own the logs. One of the defendants seeing W. approach the mill, said to a person present, " There comes W. after that lumber, you show him where it is." The person addressed put his head out of the window and said to W., " There is your lumber." After which W. carried the logs away. *Held,* that the action of defendant did not render him or his co-defendant liable to plaintiff for the conversion of the logs.

APPEAL from a judgment of the county court of Schuyler county in favor of the defendant in an action brought in a court of a justice of the peace. The facts appear in the opinion.

*S. C. Keeler,* for appellant.

*M. M. Mead,* for respondents.

MILLER, P. J. This action was brought before a justice of the peace of Schuyler county to recover the value of certain logs which the plaintiff drew to the defendants' saw-mill to be sawed, and which it was alleged the defendants had unlawfully disposed of and converted to their own use.

The proof showed that the logs in question were claimed by one Winton, who took and carried them away from the premises of the defendants. The justice rendered a judgment in favor of the plaintiff for the value of the logs, which was reversed upon appeal to the county court, and the plaintiff appealed to this court.

The only question in the case, I think, is whether the defendants participated in the taking and conversion of the logs so as to make them liable. The rule is, that a defendant cannot be made liable either in trespass, or in any other form of action, for simply receiving the goods of another, wrongfully delivered to him by the person in actual possession, unless he *afterward* does some act amounting to a *conversion or asportation*. This rule allows the defendant to remain *passive and neutral*, and he has no right to refuse to give up the property to either party, without taking upon himself the responsibility of showing title in either. *Rogers* v. *Wier*, 34 N. Y. 470.

Did the defendants do any act which rendered them liable within the principle laid down ? The evidence upon this subject is within a narrow compass.

One of the witnesses for the plaintiff, Elias Bennett, testifies that when Winton came after the lumber Guy Shelton, one of the defendants, said to him, "There comes Winton after that lumber; you show him where it is." The witness then put his head out of the mill and told Winton, "There is your lumber." He also testifies that it is customary to show the customers where the lumber is piled when they come after it, and that Guy was near enough to hear him tell Winton where the lumber was. In thus directing the witness to point out the lumber, I think that the defendant did not violate the rule in question. If he had refused to deliver it he would have taken upon himself the burden of showing who the true owner was, and thereby made himself liable. He knew that there was a dispute as to title between the plaintiff and Winton, and so long as he did not aid either party, and preserved a neutrality between them, the defendant was justified. The expression "There is your lumber," if the defendants can be made answerable for what the witness heard, or even if Guy Shelton possibly may have heard it—which is by no means entirely clear — was equivalent to saying "there is the lumber which you claim," without taking any part in the controversy as to who had the actual title. It did not, I think, bind either of the defendants. Certainly not the defendant who

was not present when the lumber was taken away, and who testifies that he did not authorize any one to take it.

If the right of the plaintiff to a recovery rests upon so slender a basis as the language referred to, its import and effect should not be extended by construction so as to include a party who was not present at the time. Upon no sound principle can it be held to create a joint liability in an action for a tort, and make a party liable who was in no sense a participator in the transaction. If the defendants are liable at all, it is in consequence of what was done at the time Winton took the logs, and upon no other ground. As one of the defendants was not there, he cannot be made to answer for what he did not sanction in any manner. The judgment against both of the defendants is therefore without evidence to sustain it upon the ground last stated.

But independent of this consideration, as hereinbefore stated, I am of the opinion that, giving full latitude to the testimony of the witness Bennett, it is not sufficient to uphold the judgment, and that the county court was right in reversing it.

The judgment of the county court must therefore be affirmed with costs.

*Judgment affirmed.*